UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RONALD NASIR MAHDI, )<br>)<br>Petitioner, )<br>v. )<br>)<br>WARDEN J. F. CARAWAY, )<br>)<br>Respondent. ) | No. 2:13-cv-236-JMS-WGH |

**Entry and Order Dismissing Action**

**I.**

Ronald Mahdi is confined in this District and challenges his convictions entered in the Middle District of Georgia in April 2004. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on asserted infirmities in his sentences.

The court conducts an initial review of habeas petitions. 28 U.S .C. § 2243; *Alexander v. N. Bureau of Prisons,* 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts* (applicable to § 2241 petitions under Rule 1(b)).

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th

Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The dispositive question here is whether Mahdi's habeas claims permit him to traverse the portal created by § 2255(e).

Mahdi's habeas petition reveals what is actually an incomplete disclosure of his efforts to secure relief pursuant to 28 U.S.C. § 2255. His petition identifies a single prior such motion having been filed with the trial court on March 4, 2011, and relates that there has been no disposition as that motion. He explains that his lack of a response to his § 2255 motion shows that his remedy there is inadequate or ineffective.

PACER records, however, tell a more complete story. Specifically, PACER records show that (1) Mahdi's first § 2255 motion was filed on August 11, 2009, was docketed as No. 5:09-CV-90058 HL, and was denied as untimely under 28 U.S.C. § 2255(f) on April 20, 2010, and (2) Mahdi's second § 2255 motion was filed on April 4, 2011, was docketed as No. 5:11-cv-90100, and was denied as an unauthorized second or successive such petition on September 20, 2011.

The court takes judicial notice of the PACER records just described, *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases), and in doing so finds that Mahdi has had and has utilized § 2255 to challenge his convictions. The way in which these challenges have been resolved does not demonstrate that § 2255 was an unavailable or ineffective means to present those challenges. A petitioner cannot show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or because petitioner filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). *Unthank v. Jett,* 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241");

*Morales v. Bezy,* 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.").

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D. Minn. July 6, 2009).

"The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Mahdi had that opportunity and has used it in circumstances which show that he has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. The savings clause of 28 U.S.C. § 2255(e) is thus not available to him for that purpose. His petition for a writ of habeas corpus is **denied**. His motion for the issuance of such a writ [dkt. 14] is **denied.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 02/20/2014

_Signature: Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD NASIR MAHDI
05074-067
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808